UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMONE QUANTESZ DUDLEY,

    Petitioner,                                          Case No. 21-12329

v.                                                 HON. MARK A. GOLDSMITH

CHANDLER CHEEKS,

    Respondent.
_____/

**OPINION & ORDER
(1) HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS
AND (2) ADMINISTRATIVELY CLOSING THE CASE.**

Petitioner Simone Quantesz Dudley, confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, Petitioner challenges his conviction for possession with intent to deliver 50 or more but less than 450 grams of cocaine, Mich. Comp. L. § 333.7401(2)(a)(iii). Respondent has filed a motion to hold the responsive pleading order in abeyance pending the completion of Petitioner's post-conviction proceedings in the state courts, in which Petitioner attempts to exhaust the fourth claim that he raises in his petition. In lieu of holding the responsive pleading order in abeyance, the Court holds the petition in abeyance and stays the proceedings under the terms outlined below to permit Petitioner to complete his post-conviction proceedings in the state court courts, failing which the petition shall be dismissed without prejudice. The Court also administratively closes the case.

**I. BACKGROUND**

Petitioner was convicted of the above offense following a jury trial in Michigan's Oakland County Circuit Court. Petitioner's conviction was affirmed on appeal. People v. Dudley, No. 343081, 2019 WL 4553477 (Mich. Ct. App. Sept. 19, 2019); leave denied 941 N.W. 2d 643 (Mich. 2020).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. People v. Dudley, No. 2017-262665-FH (Oakland Cnty. Cir. Ct., Dec. 17, 2020) at PageID.73–77 (Dkt. 1). The Michigan Court of Appeals denied petitioner leave to appeal. People v. Dudley, No. 356215 (Mich. Ct. App. May 5, 2021) at PageID.78 (Dkt. 1). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. On January 4, 2022, the Michigan Supreme Court remanded the case to the Michigan Court of Appeals, which is to hold the case in abeyance pending its decision in People v Good (Mich. Ct. App. Dkt. No. 349268). People v. Dudley, 967 N.W.2d 628 (Mich. 2022). The Michigan Supreme Court further ordered that after Good is decided, the Michigan Court of Appeals shall reconsider Petitioner's post-conviction appeal in light of whatever decision it reaches in Good. Id. On remand, the Michigan Court of Appeals held the case in abeyance. No decision has been rendered on remand. See People v. Dudley, No. 356215 (Mich. Ct. App.).[1]

Petitioner filed the petition for writ of habeas corpus on September 22, 2021. Petitioner seeks habeas relief on four grounds, including a fourth claim that is being raised for the first time on post-conviction review.

---

[1] The Court obtained some of this information from the Michigan Court of Appeals' website, coa.courts.mi.gov/, and from WestLaw. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. See Daniel v. Hagel, 17 F. Supp. 3d 680, 681, n.1 (E.D. Mich. 2014); United States ex. rel. Dingle v. BioPort Corp., 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. See e.g., Graham v. Smith, 292 F. Supp. 2d 153, 155, n.2 (D. Me. 2003).

Respondent filed a motion to hold the responsive pleading order in abeyance pending the resolution of Petitioner's claims on remand before the Michigan Court of Appeals.

## II. DISCUSSION

The instant petition is subject to dismissal because Petitioner has failed to completely exhaust his fourth claim with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state-court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b), (c); Picard v. Connor, 404 U. S. 270, 275–278 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. See Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. Wagner v. Smith, 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, a federal court must review each claim for exhaustion before it may review any claim on the merits. Id. Federal district courts must dismiss mixed habeas petitions that contain both exhausted and unexhausted claims. Pliler v. Ford, 542 U.S. 225, 230 (2004) (citing Rose v. Lundy, 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she has exhausted his or her state-court remedies. Sitto v. Bock, 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

In the present case, the Michigan Supreme Court remanded Petitioner's case to the Michigan Court of Appeals to hold Petitioner's appeal in abeyance until the Michigan Court of Appeals decides People v. Good. After it reaches a decision in Good, the Michigan Court of Appeals is to reconsider Petitioner's post-conviction appeal in light of the decision in Good.

The general rule is that a habeas petition should be denied on exhaustion grounds where the petitioner's state post-conviction motion remains pending in the state courts, as in the

3

circumstances here. See e.g., Juliano v. Cardwell, 432 F. 2d 1051, 1051 (6th Cir. 1970). The Court also notes that should the Michigan Court of Appeals on remand deny petitioner's post-conviction appeal, that denial is reviewable by the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 7.302; see also Wagner, 581 F. 3d at 414. Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial or appellate court's denial of his or her state post-conviction motion, the petitioner has failed to exhaust state court remedies. See Cox v. Cardwell, 464 F. 2d 639, 644–645 (6th Cir. 1972). In addition, a federal court cannot consider granting habeas relief "if there still is a potential state remedy for the state courts to consider." Wagner, 581 F. 3d at 415.

Moreover, when an appeal or post-conviction challenge of a state criminal conviction is pending in the state courts, as it is here, "a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." Sherwood v. Tomkins, 716 F. 2d 632, 634 (9th Cir. 1983). The rationale behind this rule is that even if the federal constitutional question raised by a habeas corpus petitioner cannot be resolved by the state courts in a pending state appeal or post-conviction proceeding, that appeal or collateral challenge may result in the reversal of the petitioner's conviction on some other ground, thereby mooting any federal question. Id.; see also Woods v. Gilmore, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998); Garrett v. Larson, 2:13–CV–11339, 2013 WL 1681258, at *2 (E.D. Mich. Apr. 17, 2013); Szymanski v. Martin, No. 99-CV-76196-DT, 2000 WL 654916, at *2 (E.D. Mich. Apr. 13, 2000).

Other considerations support holding the petition in abeyance, as opposed to adjudicating the petition on the merits. Specifically, "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of

4

filing a second habeas petition." Thomas v. Stoddard, 89 F. Supp. 3d 937, 942 (E.D. Mich. 2015) (citing 28 U.S.C. 2244(b)(2)). Moreover, "[I]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." Id.

The Court will hold the petition in abeyance and not simply hold the responsive pleading order in abeyance. The latter option could lead to this case remaining opened without resolution for an indefinite time due to the fact that Petitioner's case has been remanded to the Michigan Court of Appeals, where it is being held in abeyance pending a decision in another Michigan Court of Appeals case. A common circumstance that calls for the abatement of a habeas petition arises when the original petition was timely filed, as the petition here was, but a second, exhausted habeas petition would be time barred by the statute of limitations for filing habeas petitions contained in 28 U.S.C. § 2244(d)(1). See Hargrove v. Brigano, 300 F. 3d 717, 720–721 (6th Cir. 2002). The Court has the discretion to stay the petition and hold it in abeyance even though Petitioner did not specifically request this Court to do so. See e.g., Banks v. Jackson, 149 F. App'x. 414, 422, n.7 (6th Cir. 2005).

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Rhines v. Weber, 544 U.S. 269, 278 (2005). To ensure that there are no delays by Petitioner in exhausting state-court remedies, the Court imposes time limits within which Petitioner must proceed with his state court post-conviction proceedings. See Palmer v. Carlton, 276 F. 3d 777, 781 (6th Cir. 2002). The Court holds the petition in abeyance to allow Petitioner to complete post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner returning to federal court within 60 days of completing the exhaustion of state-court post-conviction remedies. See Hargrove, 300 F. 3d at 721.

### III. CONCLUSION

5

Accordingly, it is ordered that the petition for writ of habeas corpus shall be held in abeyance pending the completion of Petitioner's state application for post-conviction review. This tolling is conditioned upon Petitioner refiling his habeas petition under the same case number and the same case caption within 60 days after the conclusion of his state court post-conviction proceeding in the state courts. Petitioner is free at that time to file an amended habeas petition that contains newly exhausted claims.

To avoid administrative difficulties, the Court orders that the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

It is further ordered that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk of Court to reopen this case for statistical purposes.

SO ORDERED.

Dated: April 11, 2022  
     Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 11, 2022.

s/Karri Sandusky  
KARRI SANDUSKY  
Case Manager