UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMONE QUANTESZ DUDLEY,

      Petitioner,

v.                                                                                  Case No. 21-cv-12329
                                                                                    HON. MARK A. GOLDSMITH

MICHELLE FLOYD,

      Respondent,

_____/

## OPINION & ORDER DENYING THE MOTION
## FOR RELIEF FROM JUDGMENT (Dkt. 23)

Petitioner Simone Quantesz Dudley filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, Petitioner challenged his conviction for possession with intent to deliver 50 or more but less than 450 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iii). This Court denied the petition, declined to issue a certificate of appealability, but granted Petitioner leave to appeal in forma pauperis. Dudley v. Floyd, No. 21-CV-12329, 2026 WL 696557 (E.D. Mich. Mar. 12, 2026). Before the Court is Petitioner's motion for relief from judgment. For the reasons that follow, the motion is denied.

The decision of whether to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court. Davis by Davis v. Jellico Cmty. Hosp., Inc., 912 F. 2d 129, 132 (6th Cir. 1990). A motion to alter or amend a judgment will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. GenCorp, Inc. v. Am. Int'l Underwriters, 178 F. 3d 804, 834 (6th Cir. 1999); See also Gritton v. Disponett, 332 F. App'x 232, 238 (6th Cir. 2009). "A Rule 59 motion may not be used to relitigate old matters, or to raise arguments or

1

present evidence that could have been raised prior to the entry of judgment." Brumley v. United Parcel Serv., Inc., 909 F.3d 834, 841 (6th Cir. 2018) (punctuation modified).  Moreover, it is "well established" that Rule 59(e) relief is not warranted "when [a motion] is premised on evidence that the party had in his control prior to the original entry of judgment." Zucker v. City of Farmington Hills, 643 F. App'x 555, 567 (6th Cir. 2016).  Finally, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal. See Johnson v. Henderson, 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

Petitioner's motion to alter or amend judgment is denied, because Petitioner is merely presenting issues that were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied the petition for writ of habeas corpus and declined to issue a certificate of appealability. See Hence v. Smith, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

Accordingly, the Court denies the motion for relief from judgment (Dkt. 23).

**SO ORDERED.**

Dated: May 15, 2026                                    s/Mark A. Goldsmith
Detroit, Michigan                                     MARK A. GOLDSMITH
                                                      United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 15, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager

2