UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMONE QUANTESZ DUDLEY,

Petitioner,

v.

Case No. 21-cv-12329
HON. MARK A. GOLDSMITH

MICHELLE FLOYD,

Respondent.
______________________________/

**ORDER DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY (Dkt. 28) AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Simone Quantesz Dudley filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 12, 2026, this Court issued an Opinion and Order denying the petition, declining to issue a certificate of appealability, but granting leave to appeal in forma pauperis. 3/12/26 Op. & Order (Dkt. 20). Dudley subsequently filed a motion to alter or amend the judgment under Federal Rule Civil Procedure 59(e), which the Court denied on the basis that the issues raised in the motion were already ruled upon in the Opinion and Order denying the petition. (Dkt. 25). Dudley then filed a notice of appeal, seeking to appeal the Order denying the Rule 59(e) motion. (Dkt. 26). Dudley now moves for a certificate of appealability. (Dkt. 28).

Whether a certificate of appealability is required to appeal the denial of a Rule 59(e) motion to alter or amend the judgment in a habeas case, has not been firmly decided in the Sixth Circuit. See e.g., Keith v. Bobby, 618 F.3d 594, 597 (6th Cir. 2010) (acknowledging that a certificate of appealability was granted with respect to the habeas petitioner's Rule 59(e) motion). But a certificate of appealability is required to appeal other post judgment motions, including a denial of a motion for reconsideration in a habeas case and a Rule 60(b) motion for relief from judgment.

See e.g. Amr v. U.S., 280 Fed. Appx. 480, 486 (6th Cir. 2008); see also United States v. Hardin, 481 F. 3d 924, 926 (6th Cir. 2007) (requiring a certificate of appealability to appeal the denial of a Rule 60(b) motion). Because motions for reconsideration are considered analogous to Rule 59(e) motions, Hence v. Smith, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999), the Court concludes that Dudley is required to obtain a certificate of appealability before he can appeal the denial of his 59(e) motion.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). In this case, Dudley did not establish that he was entitled to relief under Rule 59(e), thus, he is not entitled to a certificate of appealability on this issue. See Weaver v. Warden Chillicothe Corr. Inst., No. 19-3329, 2019 WL 8440492, at *3 (6th Cir. Nov. 18, 2019). Stated differently, Dudley is not entitled to a certificate of appealability because reasonable jurists could not disagree with this Court's denial of his Rule 59(e) motion. Wren v. United States, No. 17-2054, 2018 WL 4278569, at *3 (6th Cir. Sept. 6, 2018).

Although this Court will deny a certificate of appealability to Dudley, the standard for granting an application for leave to proceed in forma pauperis (IFP) is a lower standard than the standard for certificates of appealability. See Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App.

24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. Although reasonable jurists would not debate this Court's resolution of the motion to alter or amend judgment, the issues are not frivolous; therefore, an appeal could be taken in good faith and Dudley may proceed IFP on appeal. Id.

For the reasons stated above, the Court denies Dudley a certificate of appealability. (Dkt. 28). The Court, however, grants Dudley leave to proceed IFP on appeal.

**SO ORDERED.**

Dated: October 13, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 13, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager